**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EMILE MELVIN DOUGLAS, a/k/a as
Emile Melvin Douglas, VI,

Defendant-Appellant.

No. 14-5045
(D.C. No. 4:13-CR-00162-CVE-1)
(N.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Emile Douglas appeals the district court's discretionary refusal to depart downward at sentencing. Because we lack jurisdiction to review that refusal, we dismiss this appeal.

# I. Background

Douglas pleaded guilty to knowingly possessing a firearm and ammunition after a previous felony conviction. The Presentence Investigation Report (PSR)

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

subsequently prepared under the United States Sentencing Guidelines assessed him 11 criminal history points that resulted in an advisory sentencing range of 46 to 57 months.

As relevant here, five of Douglas's criminal history points stemmed from his 2005 federal conviction for (1) possessing cocaine with intent to distribute, (2) possessing a firearm in furtherance of drug trafficking, and (3) possessing a firearm after a felony conviction. Three points were assessed as a direct result of the 2005 conviction, and two points were assessed because Douglas committed the offense to which he pleaded guilty while on supervised release for the 2005 conviction.

Before sentencing, Douglas moved for a downward departure on the grounds that the PSR improperly calculated his criminal history score because the 2005 conviction was "highly suspect." R., Vol. I at 19.[1] He argued an officer in that case "fabricated the existence of an informant (and the non-existent informant's information) to get a warrant to search a residence where Mr. Douglas was sitting in a car." *Id.* But for this fabrication, he said, the warrant would not have been issued and police would have never gone to the house that

---

[1] Before sentencing, he also moved for a downward variance. The court rejected that motion and Douglas does not challenge that decision on appeal.

day.  Thus, they never would have seen him sitting in the car smoking marijuana, arrested him, and discovered the contraband underlying the conviction.[2]

At sentencing, however, Douglas's counsel conceded that the 2005 conviction still stands, and the court concluded that "I can't find that the underlying conviction is shaky."  R., Vol. II at 35.[3]  With that established, the court found the criminal history score was "not overrepresented by the guidelines in this case" and denied the motion for downward departure.  R., Vol. II at 37.  The court sentenced Douglas to 46 months of imprisonment.

## II.  Analysis

We review a district court sentencing decision in two steps.  First, we determine "whether the district court properly applied the Sentencing Guidelines, reviewing its legal conclusions de novo and its factual findings for clear error."  *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007).  Second, if the Guidelines were applied properly, we review the sentence imposed "for

---

[2]  The PSR describes the facts underlying the 2005 conviction.

[3]  Douglas unsuccessfully attacked the conviction on direct appeal.  *See United States v. Douglas*, 210 F. App'x 771, 772 (10th Cir. 2006).  He also challenged the conviction's validity under 28 U.S.C. § 2255.  *United States v. Douglas*, No. 05–CR–21–TCK, 2013 WL 3157779, at *1 (N.D. Okla. June 20, 2013).  The district court rejected that challenge, *see id.* at *4, and Douglas did not appeal.  We take judicial notice of these publicly filed judicial records "concerning matters that bear directly upon the disposition of the case at hand."  *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009).

reasonableness, applying a rebuttable presumption of reasonableness for sentences within the properly calculated Guidelines range." *Id.*

But we lack jurisdiction "to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *Id.* We recognize a narrow exception to this rule if "the denial [was] based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure." *Id.* We presume the court recognized its authority to grant a discretionary downward departure "unless it unambiguously states it lacks discretion to grant the departure." *Id.*

Douglas only challenges the district court's rejection of his claim that the "suspect" nature of the 2005 conviction required departing downward. *See* Aplt. Br. at 5 (summarizing argument as "[t]he district court erred when it declined to depart downward"); *id.* at 1 (describing issue presented as "whether the district court erred in its determination that Mr. Douglas's criminal history was not substantially over-represented"); *id.* at 8 ("The district court's refusal to depart downward should be reversed.").[4] Douglas asserts that he is not asking us "to

---

[4] Douglas's single description of this case as a "procedural reasonableness challenge" in his brief's "Standard of Review" section, Aplt. Br. at 4 (footnote omitted), cannot transform an appeal framed as a challenge to the district court's refusal to depart downward into anything else. He never mentions the concept again in his brief, and as we have said, "[w]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim." *United States v.*

(continued...)

hold that the Guidelines calculation was mathematically erroneous, or that under the Guidelines computation the [2005 conviction] was wrongly included," or to nullify his 2005 conviction. *Id.* at 7.

Because Douglas only challenges the district court's refusal to depart downward based on the 2005 conviction's "suspect nature," this case is simple. He identifies no unambiguous statement by the district court that it lacked discretion to grant the departure. Indeed, he does not address *Fonseca*'s implications at all. Our independent review reveals no such statement. We thus lack jurisdiction over this claim.[5]

---

[4](...continued)
*Fishman*, 645 F.3d 1175, 1194 (10th Cir. 2011) (declining to address argument where appellant "fail[ed] to develop [the] argument or provide any citations to authorities or the record"); *see also Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999) ("We do not consider unsupported and undeveloped issues."). In any event, the sentence imposed by the district court is not procedurally or substantively unreasonable.

[5] Consequently, Douglas's focus on the alleged "suspect" nature of the underlying conviction is of no moment. He concedes that he cannot attack the 2005 conviction's validity, and that it has not been "reversed, vacated, or invalidated." Aplt. Br. at 7–8. As mentioned previously, his claims on direct appeal and on federal habeas stemming from that case have been rejected. He only challenges the district court's refusal to depart downward on the basis of his concerns surrounding that conviction.

## III.  Conclusion

For the foregoing reasons, we DISMISS this appeal for lack of jurisdiction.


Entered for the Court

Timothy M. Tymkovich
Circuit Judge